IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JEROME MOORE,                           :
                                        :
        Plaintiff,                      :
                                        :
    v.                                  : Civil Action No. 22-747-CFC
                                        :
LISA MOORE,                             :
                                        :
        Defendant.                      :

---

Jerome Moore, Plaintiff, Pro Se, New Castle, Delaware

Lisa Moore, Defendant, Pro Se, Bear, Delaware

**MEMORANDUM OPINION**

February 15, 2023
Wilmington, Delaware

**CONNOLLY, Chief Judge:**

Plaintiff Jerome Moore, proceeding *pro se*, filed this action on June 7, 2022, naming as the sole Defendant his ex-wife, Lisa Moore, who also proceeds *pro se*, alleging that she fraudulently misused social security disability funds which were meant to be used for the care of their minor child. (D.I. 2) Before the Court is Defendant's motion to dismiss for lack of subject-matter jurisdiction. (D.I. 7) Plaintiff has filed a response in opposition. (D.I. 8)

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff and Defendant are both residents of Delaware. In the Complaint, Plaintiff invokes subject-matter jurisdiction based on diversity of citizenship. (D.I. 2 at 3). As alleged in the Complaint and supporting exhibits, Plaintiff and Defendant divorced in October 2019. They have been involved in ongoing state-court proceedings, primarily involving child support issues regarding their minor child, over whom Plaintiff has primary custody. Plaintiff's allegations, as far as they may be understood from his filings, center around Defendant's allegedly fraudulent attainment of social security disability insurance meant for the care of the minor child, which should have gone to Plaintiff as the primary care provider. For relief, Plaintiff seeks damages in the amount of $27,496, which he claims is the amount of Defendant's ill-gotten gains from her fraudulent scheme.

1

## II.   DISCUSSION

Federal courts have subject-matter jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.   28 U.S.C. § 1332(a). While both the civil cover sheet and the Complaint indicate that subject-matter jurisdiction is based upon diversity of citizenship, the parties are not diverse, as they are both Delaware residents, and the $27,496 in controversy is less than the requisite amount of $75,000.

Federal courts also have federal question jurisdiction over all actions "arising under the Constitution, laws, or treaties of the United States."   28 U.S.C. § 1331.   In responding to Defendant's motion to dismiss, Plaintiff seeks to invoke this Court's federal question jurisdiction because "Social Security is a federally funded program, therefore subjected to federal laws."   (D.I. 8).

Plaintiff is mistaken.   His claims are against his ex-wife, a private citizen, and they sound in state law.   Although he, or his minor child, might have administrative recourse available within the Social Security Administration, *see generally* 42 U.S.C. §§ 405(j), 1383(a); 20 C.F.R. §§ 404.2041(a), 416.641(a), Plaintiff has no private right of action under the relevant federal laws, and the possibility of administrative recourse does not give this Court federal question

2

jurisdiction over Plaintiff's claims against his ex-wife.[1]

Accordingly, Defendant's motion to dismiss will be granted and the Complaint will be dismissed for lack of subject-matter jurisdiction. The dismissal will be without prejudice. *See N.J. Physicians, Inc. v. President of U.S.*, 653 F.3d 234, 241 n.8 (3d Cir. 2011) (explaining that dismissals for lack of subject-matter jurisdiction are "by definition without prejudice") (citing *Figueroa v. Buccaneer Hotel Inc.*, 188 F.3d 172, 182 (3d Cir. 1999)). Given that there is no basis for

---

[1] *Accord Goold v. Smith*, 2016 WL 3556924, at *4 (N.D.N.Y. Apr. 19, 2016) (R & R) (concluding that "the Social Security Act does not give plaintiff a private right of action" against a private party that fraudulently used his social security benefits); *Hurvitz v. Hurvitz*, 2015 WL 3905287, at *2 (D.N.H. June 25, 2015) ("Neither 42 U.S.C. § 405(j) nor 42 U.S.C. § 1383(a), which concern payments of social security benefits and representative payees, explicitly provides for a private right of action by a beneficiary against a representative payee."); *Bates v. Nw. Human Servs., Inc.*, 466 F. Supp. 2d 69, 98-99 (D.D.C. 2006) (noting that §§ 405(j) and 1383(a) "appear to envision the Commissioner of Social Security as the conduit through which an aggrieved beneficiary will recover monies as compensation for payments misappropriated or misused by a representative payee, and further contemplate that the Commissioner will then hold the representative payee liable for repaying the misused befits to the SSA"); *Pearson v. Payee*, 2013 WL 141234, at *3 (E.D. Cal. Jan. 11, 2013) (R & R) ("Therefore, because there does not appear to be a federal civil private right of action by a beneficiary against a representative payee for misuse of payments, the court finds that plaintiff's complaint does not invoke the court's federal question subject matter jurisdiction."); *Sylvester v. Sylvester*, 2009 WL 3711562, at *2 (D. Minn. Nov. 3, 2009) (remarking that "[t]here are several federal laws pertaining to the 'misuse' of Social Security payments by a 'representative payee,'" but determining that "those laws provide remedies against representative payees that are enforceable only by the Social Security Administration, and not by individual Social Security beneficiaries who may have been harmed by the misconduct of a representative payee.").

3

federal court jurisdiction and no apparent amendment that would confer either federal question or diversity jurisdiction, leave to amend will not be granted.

## III.   CONCLUSION

For the above reasons, the Court will grant Defendant's motion to dismiss and dismiss this matter without prejudice.

An appropriate order will be entered.